Williams, Judge,
delivered the opinion of the court:
The petition filed by plaintiff in this case alleges that on March IB, 1920, he was, and for many years prior thereto had been, regularly and actively employed as a United States civil service railway postal employee; that on that date he was summarily and illegally discharged from his position, and that on March 14, 1930, he was by governmental authorities unconditionally reinstated, and with a clean record •fully restored to his former position of civil service railway postal employee, and continued to serve as such until his retirement January 31,1937. He alleges that by reason of his discharge and total loss of employment for a period of ten years, at compensation of $150 per month, he sustained injury and damages to the amount of $19,052.00.
The defendant moves to dismiss the petition on the ground that any cause of action plaintiff may have had growing out of his alleged unlawful discharge from the railway postal service was barred by the statute of limitations when the petition was filed on January 7, 1938. Obviously the defendant is right in its contention. The plaintiff’s alleged illegal dismissal from the railway postal service, resulting *271 in the loss of salary sought to be recovered by him, occurred more than seventeen years prior to the date of the filing of the petition, and his unconditional restoration to the service occurred almost eight years previous to that date. The petition therefore will have to be dismissed.
It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.